UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VAIL WHITE,

    Plaintiff,

v.

KAYLA ENTERPRISES, INC.,
d/b/a McDONALDS and KEITH ALLEN,
individually,

    Defendants.

No. 06 C 470
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Vail White is suing Kayla Enterprises, Inc., and Keith Allen, alleging a violation of the Fair Labor Standards Act. Defendants have now filed a joint motion for summary judgment. For the reason stated below, Defendant's motion is granted.

**FACTS**

Keith Allen is the sole owner and President of Kayla Enterprises, Inc. ("Kayla"). Vail White is a former maintenance employee who has worked at several McDonalds stores owned by Kayla. On January 27, 2003, White filed a complaint with the Illinois Department of Labor ("IDOL") alleging that Kayla failed to pay overtime in accordance with the appropriate statutes. On April 19, 2004, IDOL issued a Notice of Noncompliance with Minimum Wage Law to Kayla. Kayle then paid White the additional amount stated in the notice.

White claims that during IDOL's investigation of the complaint, he experienced adverse changes in his work conditions and that on June 22, 2004, after IDOL had issued the notice of noncompliance, Defendants terminated his employment. Afterwards, White filed two Complaints alleging that Allen discriminated against him on the basis of his age and sex, in

violation of Title VII of the Civil Rights Act of 1964 (the "Title VII claims"). On Allen's motions, I consolidated those two cases. On January 13, 2006, I dismissed the Title VII claims because White had not obtained a right-to-sue letter from the EEOC for his sex discrimination claim, and there were no facts in the record to support White's allegations of age discrimination.

White has now filed another claim against Allen and Kayla, alleging a violation of the Fair Labor Standards Act, 29 U.S.C § 215(a)(3) (the "FLSA"). Defendants have filed a motion for summary judgment, arguing that the FLSA claim is barred by both *res judicata* and collateral estoppel.

## STANDARD

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986). A genuine issue of material fact exists when there is evidence on the basis of which a reasonable jury could find in the plaintiff's favor, allowing for all reasonable inferences drawn in a light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The movant must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## *RES JUDICATA*

The doctrine of *res judicata* precludes parties to a case, or their privies, from relitigating issues that have already been raised in a previous action that resulted in a judgment on the merits.

2

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006). Once it is established it also bars the litigation of any claims that could have been raised previously, but were not. *Maher v. FDIC*, 441 F.3d 522, 526 (7th Cir. 2006). Under federal law, the three requirements to establish *res judicata* are: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002).

Both parties agree that a final judgment on the merits was reached for the Title VII claims. White also concedes that there is a privity of interest between Allen and Kayla. However, White contends that the causes of action in the Title VII claims and the FLSA claim are not identical because the Title VII claims were based on the treatment of White while he was employed by Kayla Enterprises. According to White, the FLSA claim is different because it deals with the actual complaint that he filed with the IDOL months before he lost his job and Kayla's alleged retaliation by firing him.

Under the FLSA, an employer is prohibited from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3). For the purposes of this motion, I will assume that White's complaint to IDOL is a valid complaint or proceeding against Kayla and Allen under the FLSA.

White is incorrect when he states that the identity of the causes of action are different. Although he claims that the focus of the FLSA claim is on the actual complaint that was filed, the focus of the statute is actually to prevent retaliation by an employer against an employee that has filed a complaint. There is no dispute between the parties that White had previously filed a

3

claim against his employer and had been awarded back pay. Therefore, to finish establishing his retaliation claim he would have to show that he "suffered an adverse employment action, and that a causal link existed between [filing the complaint] and the adverse action." *Scott v. Sunrise Healthcare Corp.*, 195 F.3d 938, 940 (7th Cir. 1999).

The reason that the identity of the causes are the same is because White's current FLSA retaliation claim must undergo the same burden-shifting test under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), as his previous Title VII claims. *See Bick v. Harrah's Operating Co.*, No. 98 C 7849, 2000 U.S. Dist. LEXIS 1764, at *14 (N.D. Ill. 2000). White has already had the opportunity to prove that he suffered an adverse employment action as a result of his employer's discrimination. Since this FLSA claim would retread the same ground as the Title VII claims with respect to his employment conditions from January 27, 2003 until he was discharged in July of 2004, and White had the opportunity to present this claim when he presented his original claims, but did not do so, his FLSA claim is dismissed on the basis of *res judicata*.

## COLLATERAL ESTOPPEL

Even if White were able to show that the causes of the prior action and the present action are different, his claim would still be dismissed under the doctrine of collateral estoppel. The purpose of collateral estoppel, or "issue preclusion," is to "'foreclose[] relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in the initial action.'" *Freeman United Coal Mining Co. v. Office of Workers' Compensation Program*, 20 F.3d 289, 293 (7th Cir. 1994) (quoting *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 905 n.7 (7th Cir. 1990)). There are four requirements for collateral estoppel to

4

apply: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Havoco of Am. v. Freeman, Atkins & Coleman*, 58 F.3d 303, 307 (7th Cir. 1995).

The issue sought to be precluded here is exactly the same as the issue in the prior action. That issue is the question of whether or not Allen or Kayla discriminated against White while he was employed by Kayla. White litigated that precise issue in his previous Title VII claims. I determined in part that:

> even if Allen was a proper defendant, the primary discriminatory act of which White complains occurred under another supervisor/franchise owner's watch. When White was transferred to the Dolton store, his position remained the same. Therefore, he suffered no adverse action as a result of the transfer . . . White offers no admissible facts showing that Allen's decision to transfer White to the Dolton store was motivated by age-based animus. . . . White also claims that his wages were repeatedly reduced while he was in Allen's employment, and that the reductions were motivated by age discrimination. . . . However, he offers no facts to support his claim that age played a role in Allen's decision to reduce his pay. . . . In sum, there are no facts in the record before me to support White's claims of discrimination.

As I ruled in my prior opinion, Allen was not White's employer when he was discharged, and White did not put forth any evidence showing that any of the actions Allen took as his employer amounted to discrimination. The determination of both of these issues was essential to the final judgment that Allen had not discriminated against White.

Lastly, White claims that since he appeared *pro se*, he was not fully represented in the prior action. This assertion is also incorrect. There is no case law to suggest that a *pro se* plaintiff should not be considered "fully represented" for the purposes of collateral estoppel. The

5

important question is whether or not the interests of the person against whom collateral estoppel is asserted were fully represented in the prior actions, such that it is fair for the prior ruling to be binding upon that party. Clearly White represented his own interests in the Title VII cases, so he cannot claim that he was not fully represented.

**CONCLUSION**

For the aforementioned reasons, Defendant's motion for summary judgment is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 18, 2006